In re GRAND JURY SUBPOENA OF
Donald and Susan ROCHON.

No. 88 GJ 138.

United States District Court,
N.D. Illinois, E.D.

March 23, 1988.

---

David Kairys, Philadelphia, Pa., Jeffrey L. Taren and Joanne Kinoy, Kinoy, Taren, Geraghty & Potter, P.C., Chicago, Ill., for petitioner.

Anton R. Valukas, U.S. Atty., and Ira Raphaelson, Asst. U.S. Atty., Chicago, Ill., Albert S. Glenn, Civil Rights Div., U.S. Dept. of Justice, Washington, D.C., for respondent.

## MEMORANDUM OPINION AND ORDER

GRADY, Chief Judge.

This matter comes before us on the emergency motion of Donald and Susan Rochon to disqualify the prosecutors conducting the grand jury investigation and to sequester the grand jury investigation from the United States Department of Justice, Edwin Meese, and William Bradford Reynolds.

### FACTS

Donald Rochon is a black Federal Bureau of Investigation ("FBI") agent. Donald and his wife Susan allege that various FBI officials and employees discriminated against them and harassed them because of Donald's race. Furthermore, they claim that the Department of Justice failed to investigate their charges and obstructed the investigations attempted by other agencies. The Rochons have instituted two federal civil actions alleging these claims, one in Chicago and one in Washington, D.C. In the Chicago case, *Rochon v. Dillon, et al.*, No. 87 C 9574 (N.D.Ill. filed 1987) (Shadur, J.), the Rochons have named as defendants four agents based in the FBI's Chicago office. *Id.* at Exhibit G. In the Washington case, *Rochon v. FBI, et al.*, 87–3008 (D.D.C. filed 1987), the Rochons have named thirty defendants, including, in their official capacities, Attorney General Edwin Meese and Assistant Attorney General William Bradford Reynolds. *Id.* at Exhibit B.

A grand jury in this district has begun an investigation into possible criminal conduct in connection with the Rochons' charges. Civil Rights Division Attorney Albert Glenn and other Department of Justice lawyers are conducting the grand jury investigation. According to the Department of Justice, "procedures have been adopted to erect a wall between those responsible for the criminal investigation and those working on the civil lawsuit." United States Memorandum in Opposition at 8. As part of its investigation, the grand jury has subpoenaed the Rochons to testify on March 18, 1988. On March 16, 1988, the Rochons filed an emergency motion to disqualify the prosecutors conducting the grand jury investigation, to sequester the grand jury investigation from all defendants in the civil actions, and to continue the grand jury subpoenas pending our decision. We continued the Rochons' subpoenas and took their arguments under advisement.

### DISCUSSION

The Rochons make two basic points: They claim the defendants in the criminal cases may use the grand jury to obtain "secret and improper discovery" for use in the civil cases. Secondly, they argue that the grand jury investigation might be compromised by the civil defendants' conflict of interest, or at least that there is an appearance of impropriety in the civil defendants' participation in the grand jury proceeding.

The two leading cases on disclosure of grand jury materials to Justice Department attorneys are *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 103 S.Ct. 3133, 77 L.Ed. 2d 743 (1983) and *United States v. John Doe, Inc. I*, — U.S. ——, 107 S.Ct. 1656,

95 L.Ed.2d 94 (1987). In *Sells,* government attorneys in the Civil Division of the Justice Department, who were preparing a civil suit, sought access to materials generated in a grand jury investigation conducted by other Justice Department attorneys. The Supreme Court held that Justice Department attorneys who had not participated in the criminal investigation could gain access to the grand jury materials only with court approval under Federal Rule of Criminal Procedure 6(e)(3)(C)(i). 463 U.S. at 420, 103 S.Ct. at 3136. Rule 6(e)(3)(C)(i) requires a strong showing of particularized need, e.g. to avoid an injustice in another judicial proceeding, before a court will grant access to grand jury materials. *Sells,* 463 U.S. at 442–444, 103 S.Ct. at 3147–48; *Douglas Oil Co. v. Petrol Stops Northwest,* 441 U.S. 211, 99 S.Ct. 1667, 60 L.Ed.2d 156 (1979). The court specifically rejected the Government's contention that "all attorneys in the Justice Department qualify for automatic disclosure of grand jury materials under Rule 6(e)(3)(A)(i), regardless of the nature of the litigation in which they intend to use the materials." *Sells,* 463 U.S. at 427, 103 S.Ct. at 3140.

In *John Doe I,* the Supreme Court decided a question left open in *Sells,* 463 U.S. at 431 n. 15, 103 S.Ct. at 3141 n. 15. The *Doe* court ruled that an attorney who had previously conducted a grand jury investigation (in which no indictment was returned, —— U.S. ——, 107 S.Ct. at 1658) could use those grand jury materials in preparing a civil action based on the same dispute, without seeking court approval. —— U.S. at ——, 107 S.Ct. at 1660.

Neither *Sells* nor *John Doe I* does more than furnish background for the problem in this case. Here, two of the Justice Department officials who have access to grand jury materials are parties to pending civil litigation related to the grand jury investigation. They are not simply lawyers investigating a possible suit on the government's behalf. Neither side has cited a case involving similar facts. In both *Sells* and *John Doe I,* the criminal investigation had been completed before the contemplated disclosure to the attorney in the civil

matter. There was no possibility that the grand jury investigation could be used for improper discovery in a pending civil case.

The issues before the court in this case go beyond the usual matter of weighing the interest of grand jury secrecy against the competing interests of disclosure when grand jury material is sought for use in another judicial proceeding. Here, the attorney defendants in the civil actions are not seeking access to grand jury material for use in the civil cases. Rather, they are conducting the grand jury investigation for the purpose of determining whether a criminal indictment should be brought on the basis of the Rochons' charges. They disavow any intent to utilize the fruits of the criminal investigation in the civil cases. They fully recognize that it would be improper to use any of the grand jury material in the civil cases, and there is no argument about that.

▉ Turning first to the Civil Rights Division attorneys who are not defendants in the civil cases, the court sees no problem in allowing them to continue with the grand jury investigation, *provided* they are willing to assure the court that they will not take directions from nor share information with the Department of Justice officials who are named defendants in the civil cases, Messrs. Meese and Reynolds. As far as Messrs. Meese and Reynolds themselves are concerned, however, it is clearly not possible for an attorney to learn something in a grand jury investigation and yet forget that same information when he is preparing his defense in the related civil case. The possibility that the information learned in the grand jury investigation could be used in the civil case is undeniable. Moreover, the situation is impossible to monitor. No one but Messrs. Meese and Reynolds would know whether they made double use of the grand jury information, and it would probably be difficult even for them to sort it out. This is not a matter of good faith or good intentions; it is a question of what is feasible. Unless this court is to carve out a totally new exception to the grand jury secrecy rule, Messrs. Meese and Reynolds must be prevented from ac-

quiring grand jury information that could be used in the civil case.

The court understands that the civil defendants might ultimately acquire in civil discovery all, or substantially all, of the information they might acquire as a result of the grand jury investigation. That, however, does not eliminate the problem of their dual role. In many cases, a civil litigant ·may ultimately learn the same thing he seeks to acquire from the efforts of the grand jury; that does not entitle him to invade the secrecy of the grand jury.

Turning to the Rochons' second basic argument, that the civil defendants have a conflict of interest, it appears there is something to be said for each side. The Department of Justice argues that the civil defendants are sued in their official capacities, not individually, and that they therefore have no personal stake in the outcome of the civil litigation. Alternatively, the Department argues that Messrs. Meese and Reynolds, charged in the civil case with having hindered and delayed the investigation into the alleged violations of the Rochons' civil rights, would be anxious to proceed expeditiously with the grand jury investigation and obtain criminal indictments if they were warranted by the facts.

We believe that equally reasonable arguments are suggested by the Rochons: It cannot be a matter of professional indifference to Messrs. Meese and Reynolds that they are charged in a civil case with what is, to say the least, malfeasance by the Department they supervise. That they are charged in their official capacities might diminish only slightly, if at all, their natural desire for vindication. The possible effect on the grand jury investigation is difficult to gauge. It is true that Messrs. Meese and Reynolds could be highly motivated to seek appropriate indictments. However, it can also be argued that, from the Rochons' perspective, Messrs. Meese and Reynolds might be motivated to demonstrate in the grand jury investigation that no criminal conduct occurred. Such a finding by the grand jury would be consistent with at least one defense which might be raised in the civil litigation. In short,

neither the fact that the defendants are sued in their official capacities nor their argument that they are anxious to present the truth concerning the Rochons' allegations persuades us that there is no possible conflict of interest on the part of Messrs. Meese and Reynolds. Moreover, aside from the question of actual conflict, we are troubled by the appearance of possible impropriety. It is, we believe, unseemly for a party to a civil lawsuit to be conducting a grand jury investigation into the identical subject matter. The grand jury, the court and the public have a right to know that grand jury proceedings are in the hands of persons who have no apparent interest other than to ascertain the truth.

The Rochons seek to disqualify and insulate from the grand jury process not only Messrs. Meese and Reynolds, but also all Justice Department attorneys whom they supervise. Since Mr. Meese supervises all Justice Department attorneys, at least indirectly, this would require that outside counsel conduct the investigation. Since Mr. Reynolds is the chief of the Civil Rights Division, all attorneys in that division would have to be disqualified. We believe that such drastic relief is not required and that there is no reason the court cannot place confidence in a "Chinese wall" approach of the kind mentioned above, whereby Messrs. Meese and Reynolds would be insulated from any contact with or information concerning the grand jury investigation.

The Department argues that, if the relief sought by the Rochons is granted, it would set a precedent that "... would allow any citizen to interfere with a criminal investigation simply by filing a civil suit containing the sort of allegations present in the Rochons' suit ..." (Memorandum, p. 6). The court believes that this overstates the matter. First, it is doubtful that the relief being granted here really "interferes" with a criminal investigation. As far as Mr. Meese is concerned, there is no suggestion that he would personally participate in the grand jury investigation in any event. It seems highly improbable that his disqualification will affect the investigation in any way. Mr. Reynolds, as chief of the Civil

Rights Division, is probably more directly involved. On the other hand, there are many capable attorneys in the Civil Rights Division, some of whom are already working on this investigation and will continue to do so. There is no reason to believe that the lack of Mr. Reynolds' personal involvement will interfere with the progress of the investigation.

But if the court is too sanguine about the loss of Messrs. Meese and Reynolds, and their absence will in some unspecified way and degree impede the investigation, that is simply the price that must be paid to avoid at least the appearance of possible impropriety.

Finally, the court does not anticipate a flood of petitions by civil litigants who seek to restrain the participation of Justice Department officials in grand jury investigations. Factual allegations that would warrant such relief are rare, and we trust there will not be many civil suits "containing the sort of allegations present in the Rochons' suit." But, again, the appropriate rule cannot be made to depend upon the number of persons who might invoke it. If there are other similar situations, we will simply have to deal with them as they arise.

CONCLUSION

Attorney General Edwin Meese and Assistant Attorney General William Bradford Reynolds are hereby disqualified from participating any further in the grand jury investigation concerning the allegations made by Donald and Susan Rochon. The Department of Justice attorneys who continue with the investigation are hereby prohibited from communicating with Messrs. Meese and Reynolds concerning the grand jury investigation or any evidence developed in the investigation and are prohibited from taking directions from Messrs. Meese or Reynolds concerning the further conduct of the investigation. The grand jury proceeding is stayed pending the filing of a statement with the court by the attorneys who will conduct the further investigation that they intend to comply with this order.

The request of the Rochons that all Civil Rights Division attorneys be disqualified, and that all persons who participated in the earlier investigation of the Rochons' charges be disqualified from participation in the grand jury investigation and prohibited from access to grand jury materials, is denied, except that any defendant in either of the two pending civil cases shall be so disqualified and prohibited.